UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA GUERRA,

             Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

             Defendant.

CASE NO. C09-1027RSM

ORDER

This matter is before the Court for consideration of defendants' motion for reconsideration, Dkt. # 64. Defendants ask for reconsideration of the Court's December 3, 2010 Order on Motion to Supplement the Administrative Record, Dkt. # 61. Such motions are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule CR 7(h)(1). The Court deems it unnecessary to direct plaintiff to respond to the motion.

Defendants contend that the Court committed manifest error because it improperly granted plaintiff's motion to supplement the administrative record on the basis of a procedural

default.   The background to this contention starts with the Court's July 30, 2010 Order granting in part and denying in part a motion to dismiss, and granting plaintiff leave to file a second amended complaint.  Dkt. # 49.   The Court in that Order re-noted plaintiff's then-pending motion to supplement the record, and stated that "the parties **may** submit supplemental memoranda conforming their arguments to the current posture of the case."  Dkt. # 49, p. 10 (emphasis added).   Plaintiff timely filed a supplemental memorandum (Dkt. # 55);  defendants did not.

Defendants argue that the Court's language made the filing of a supplemental memorandum optional, and that because the Court did not actually **direct** the filing of a supplemental memorandum, it was error for the Court to grant plaintiff's motion on the basis of defendants' failure to update their opposition.  Defendants further suggest that the Court overlooked or failed to consider their original response filed at Dkt. # 37.   Both the argument and the implication are incorrect.

The Court's language regarding "conforming their arguments to the current posture of the case" clearly indicated that some part of the original arguments presented for or against supplementation of the record could be mooted by the Order denying in part defendant's motion to dismiss, as well as by the filing of a Second Amended Complaint.  Indeed, defendants' jurisdictional arguments presented in their response to plaintiff's motion were in fact rendered moot.  That left two arguments:  one that the United States Customs and Immigration Service ("USCIS") had already provided "all the documents which the agency considered during the course of its decision upon Ms. Guerra's I-612 Waiver," and one that disclosure of the Department of State ("DOS") records is barred by the confidentiality provision of 8 U.S.C. § 1202(f), absent certification by the Court that it is in the interests of justice to do so.  Dkt. # 37,

pp. 2-3.  The Court fully considered these arguments, and also considered plaintiff's reply, which arguably refuted both.  Dkt. # 38.  The Court needed to hear defendants' opposition to plaintiff's contentions, and thus gave defendants an opportunity to file a supplemental memorandum in opposition.

In particular, the Court needed to see argument regarding plaintiff's pointed statement that defendants had "submitted no case law holding that § 1202(f) applies to a State Department adjudication of a J-1 hardship waiver application."  Dkt. # 38, p. 6.  Section 222(f) of the INA states that "[t]he records of the Department of State and of the diplomatic and consular offices of the United States **pertaining to the issuance or refusal of visas or permits** to enter the United States shall be considered confidential."  8 U.S.C. § 1202(f) (emphasis added).  Section 222(f) includes not only the information supplied by the visa applicant, but also any "information revealing the thought-processes of those who rule on the application." *Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 744 (D.C.Cir.1983).  This section is an exemption from Freedom of Information Act ("FOIA") requests under Exemption (b)(3), which protects from disclosure to the public those records which are "exempted from disclosure by statute."  5 U.S.C. § 552(b)(3). However, consistent with FOIA's "goal of broad disclosure, the exemptions have been consistently given a narrow compass." *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 151, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989).  The language of the statute specifically includes only DOS records pertaining to the issuance or refusal of visas or permits to enter the United States;  it is silent as to requests for hardship waivers. Without some legal authority to broaden the reach of this statutory language, the Court cannot find or assume that waiver applications fit within the "narrow compass" of the § 1202(f) exemption.  Defendants' "manifest error" objection is thus without merit.

1    Defendants also contend that a May 21, 2008 letter to DOS from the United States

2    Agency for International Development ("USADI") constitutes "new relevant information" which

3    the Court should have the opportunity to consider.  Motion for Reconsideration, Dkt. # 64, p. 1.

4    However, defendants' motion fails to establish that this letter constitutes "new facts which could

5    not have been brought to its attention earlier with reasonable diligence," as required by Local

6    Rule CR 7(h)(1).    The motion simply states that

7         the United States believes that, on December 8, 2010, counsel was informed that
          the letter submitted to Department of State ("DOS") by the United States Agency
8         for International Development ("USAID") . . . is not bound by the confidentiality
          provisions pertaining to DOS administrative records.
9
10   Dkt. # 64, p. 1.  Nowhere is there a declaration of counsel stating what diligence was applied, or

11   explaining why this letter could not have been provided earlier.  The motion  wholly fails to meet

12   the "new facts" standard set forth in the local rule.

13        Defendants' motion for reconsideration (Dkt. # 64)  is accordingly DENIED.   The Court

14   shall sign the proposed Order provided by plaintiff at the Court's direction.  Dkt. # 63.  In the

15   event that DOS will not provide the relevant records without a §1202(f) certification from the

16   Court, the Court so certifies;   without, however, finding that the certification requirement

17   actually applies to records of waiver applications.

18        The Court accordingly certifies that the information contained in plaintiff's records is

19   needed by the Court in the interest of justice in a case pending before this Court.

20        Dated this 15th day of December, 2010.

21

22

23   RICARDO S. MARTINEZ
     UNITED STATES DISTRICT JUDGE
24

ORDER - 4